COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

Name: BONILLA          STEVEN          W    FILED

(Last)                    (First)                    (Middle Initial) AUG 06 2018

Prisoner Number: J-48500

Institutional Address: SAN QUENTIN STATE PRISON   SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN QUENTIN, CA 94974
(PR)

UNITED STATES DISTRICT COURT          VC

NORTHERN DISTRICT OF CALIFORNIA

STEVEN WAYNE BONILLA

(Enter your full name.)                  18        4725.

vs.                               Case No. _____

Vince Chhria, John              (Provided by the clerk upon filing)

Doe 1-15                         COMPLAINT UNDER THE
CIVIL RIGHTS ACT,
42 U.S.C. § 1983, 1981, 1985, 1986
18 USC § 241, 242

(Enter the full name(s) of the defendant(s) in this action.)   [Expedited Review Requested]

I. Exhaustion of Administrative Remedies. Demand for a jury trial and to present at such trial

Note: You must exhaust available administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims. RAISING JURISDICTIONAL QUESTION

A.   Place of present confinement SAN QUENTIN STATE PRISON

B.   Is there a grievance procedure in this institution? N/A  YES ☐    NO ☒

C.   If so, did you present the facts in your complaint for review through the grievance

procedure? N/A  YES ☐    NO ☐

D.   If your answer is YES, list the appeal number and the date and result of the appeal at each

level of review. If you did not pursue any available level of appeal, explain why.

1. Informal appeal: N/A. This has [nothing to do with prison issues]. No grievance filing necessary.

2. First formal level: _____

_____

_____

3. Second formal level: _____

_____

_____

4. Third formal level: _____

_____

_____

E.   Is the last level to which you appealed the highest level of appeal available to you?

   YES ☐      NO ☐

F.   If you did not present your claim for review through the grievance procedure, explain why.

Because the judgment is void on its face and it has just been discovered that the prosecution withheld information which proves that the premeditated crime never took place.

## II.  Parties.

A.   Write your name and present address. Do the same for additional plaintiffs, if any.

Steven Wayne Bonilla
J-48500    3-EY-13
San Quentin, CA 94974

B.   For each defendant, provide full name, official position and place of employment.

Vince Chhabria, judge, 450 Golden State Ave
San Francisco, CA 94102

PRISONER COMPLAINT (rev. 8/2015)
Page 2 of 3

**III. Statement of Claim.** RAISING JURISDICTIONAL QUESTION

State briefly the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If
you have more than one claim, each claim should be set forth in a separate numbered paragraph.

A party cannot be precluded from raising the question of jurisdiction at any time and in any place [67 F.R.D. 22; 148 Cal. App. 2d 845; 273 Cal. App. 2d 176; 49 US 495]. Because the judgment is a nullity, a motion attacking the jurisdiction is not challenging the terms of the judgment nor the conditions of confinement. Any judgment, order or transfer by a court lacking subject matter jurisdiction is void on its face; and the Reviewing Court's jurisdiction is LIMITED to reversing the trial court's void judgment. [35 Cal. 4th 180; 759 F.2d 809].

Unless this court, or any court can prove that the 2-19-88 subpoena was admitted into evidence, on the record, it has a DUTY to pronounce the trial court's judgment a NULLITY [27 Cal 300] forthwith [377 F.2d 194], and to release the innocent Petitioner immediately. [356 F.2d 654; F.R.Civ. P. 12(h)(3) and 60(b). Which the defendant has failed to do in concert to aid in the

**IV. Relief.** Prosecution's civil conspiracy to appease the news media. [See Exhibits A and B].

Your complaint must include a request for specific relief. State briefly exactly what you want the court to do for you. Do not make legal arguments and do not cite any cases or statutes.

Either prove that the 2-19-88 subpoena was admitted into evidence, on the record, or pronounce the judgment a NULLITY and immediately release the innocent Petitioner. For this Honorable Court to grant any and all relief it deems necessary and just for fraudulently imprisoning in collusion to murder the innocent Petitioner to appease the news media. [See Exhibit B]. Alameda County Case No. H-12210-A.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on: July 20, 2018
_Date_

Steven Wayne Bonilla
_Signature of Plaintiff_

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN KATZ, et al.,<br><br>Defendants. | Case No.  18-cv-04248-VC (PR)<br><br>**ORDER OF DISMISSAL WITH<br>PREJUDICE** |

Plaintiff Steven Wayne Bonilla, a state inmate, has filed a *pro se* civil action under 42 U.S.C. § 1983 against Kern County Superior Court Judges Steven Katz and Michael E. Delostritto; Court Clerks Terry McNally and Anabel Ball.  Bonilla has been disqualified from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g) unless he is "under imminent danger of serious physical injury" at the time he filed his complaint. 28 U.S.C. 1915(g); *In re Steven Bonilla*, No. C 11-3180 CW (PR); *Bonilla v. Dawson*, No. C 13-0951 CW (PR).

The allegations in this complaint do not show that Bonilla was in imminent danger at the time of filing.  Therefore, he may not proceed *in forma pauperis*.  Moreover, even if the IFP application were granted, his lawsuit would be barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  Accordingly, the case is dismissed with prejudice.

Furthermore, this is not a case in which the undersigned judge's impartiality might be reasonably questioned. *See United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (absent legitimate reason to recuse himself or herself, judge has a duty to sit in judgment in all cases assigned to that judge).

The Clerk shall close the case.  The Clerk shall return, without filing, any further documents Bonilla submits after this case is closed.

**IT IS SO ORDERED.**

Dated:  July 25, 2018

VINCE CHHABRIA
United States District Judge

## Other Orders/Judgments
3:18-cv-04248-VC Bonilla v. Katz
et al

ProSe

### U.S. District Court

### California Northern District

## Notice of Electronic Filing

The following transaction was entered on 7/25/2018 at 3:06 PM and filed on 7/25/2018
**Case Name:**        Bonilla v. Katz et al
**Case Number:**      3:18-cv-04248-VC
**Filer:**
**WARNING: CASE CLOSED on 07/25/2018**
**Document Number:**   3

**Docket Text:**
**ORDER OF DISMISSAL WITH PREJUDICE. Signed by Judge Vince Chhabria on 7/25/2018. The deputy clerk hereby certifies that on 7/25/2018 a copy of this order was served by sending it via first-class mail to the address of each non-CM/ECF user listed on the Notice of Electronic Filing. (knm, COURT STAFF) (Filed on 7/25/2018)**

**3:18-cv-04248-VC Notice has been electronically mailed to:**

**3:18-cv-04248-VC Please see Local Rule 5-5; Notice has NOT been electronically mailed to:**

**Steven Wayne Bonilla**
**J-48500**
**San Quentin State Prison**
**3-EY-13**
**San Quentin, CA 94974**

**The following document(s) are associated with this transaction:**

**Document description:Main Document**
**Original filename:G:\VCALL\_ECFReady\18-cv-04248-vc-dis_w_prej.636680697717842374.pdf**
**Electronic document Stamp:**
**[STAMP CANDStamp_ID=977336130 [Date=7/25/2018] [FileNumber=15013022-0]**
**[1e6799d81392acc1cb41efb6d6261f9fbd42f4ce8cf61226ac8b8680d6ce9c44cba3**
**90d43fd736a261d8bf576e304abec1d7e160e5bf9216151baed2cb307b4c]]**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA,<br><br>    Petitioner,<br><br>   v.<br><br>ALAMEDA COUNTY SUPERIOR<br>COURT,<br><br>    Respondent. | Case No.  18-cv-03968-VC (PR)<br><br>**ORDER OF DISMISSAL WITH<br>PREJUDICE** |

   Petitioner Steven Wayne Bonilla is a state prisoner who has filed a *pro se* petition for a writ of mandamus to compel the Alameda County Superior Court to prove jurisdiction about his underlying criminal case. Bonilla has been disqualified from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g) unless he is "under imminent danger of serious physical injury" at the time he filed his complaint.  28 U.S.C. 1915(g); *In re Steven Bonilla*, No. C 11-3180 CW (PR); *Bonilla v. Dawson*, No. C 13-0951 CW (PR).

   The allegations in this complaint do not show that Bonilla was in imminent danger at the time of filing.  Therefore, he may not proceed *in forma pauperis*.  Furthermore, he may not proceed even if he pays the filing fee because this court lacks jurisdiction to issue a writ of mandamus.  *See* 28 U.S.C. § 1361.  Section 1361 provides, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  This Court cannot issue an order to the Alameda Superior Court because it is not an officer, employee or agency of the United States.

   Furthermore, the relief Plaintiff seeks pertains to his ongoing attempts to invalidate his

state criminal conviction.  Therefore, such claims, if raised, must be brought by Bonilla's counsel in his pending federal habeas corpus action, *Bonilla v. Ayers*, No. C 08-0471 YGR (PR).

Furthermore, this is not a case in which the undersigned judge's impartiality might be reasonably questioned.  *See United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (absent legitimate reason to recuse himself or herself, judge has a duty to sit in judgment in all cases assigned to that judge).

Accordingly, this action is dismissed with prejudice because amendment would be futile. The Clerk shall close the case.  The Clerk shall return, without filing, any further documents Bonilla submits after this case is closed.


**IT IS SO ORDERED.**

Dated:   July 25, 2018

VINCE CHHABRIA
United States District Judge

## Other Orders/Judgments
3:18-cv-03968-VC Bonilla v.
Alameda County Superior Court

ProSe

### U.S. District Court

### California Northern District

### Notice of Electronic Filing

The following transaction was entered on 7/25/2018 at 2:58 PM and filed on 7/25/2018

**Case Name:**       Bonilla v. Alameda County Superior Court
**Case Number:**    3:18-cv-03968-VC
**Filer:**
**WARNING: CASE CLOSED on 07/25/2018**
**Document Number:** 4

**Docket Text:**
**ORDER OF DISMISSAL WITH PREJUDICE. Signed by Judge Vince Chhabria on
7/25/2018. The deputy clerk hereby certifies that on 7/25/2018 a copy of this order was
served by sending it via first-class mail to the address of each non-CM/ECF user listed
on the Notice of Electronic Filing. (knm, COURT STAFF) (Filed on 7/25/2018)**


**3:18-cv-03968-VC Notice has been electronically mailed to:**

**3:18-cv-03968-VC Please see** Local Rule 5-5**; Notice has NOT been electronically mailed to:**

**Steven Wayne Bonilla**
**J-48500**
**San Quentin State Prison**
**3-EY-13**
**San Quentin, CA 94974**

**The following document(s) are associated with this transaction:**

**Document description:Main Document**
**Original filename:G:\VCALL\_ECFReady\18-cv-03968-vc-dis_w_prej.636669418983600384.pdf**
**Electronic document Stamp:**
**[STAMP CANDStamp_ID=977336130 [Date=7/25/2018] [FileNumber=15012958-0]**
**[315ec7d0cde3798edc77385d9418324fc4ffbca245c58304aa16dc2949fa3d1902b7**
**e40f1d6456e52a373d535a48410b83d6a61d632041e17246a75b160a02be]]**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA,<br><br>Plaintiff,<br><br>v.<br><br>ELIZABETH W. JOHNSON,<br><br>Defendant. | Case No. 18-cv-03396-VC  (PR)<br><br>**ORDER OF DISMISSAL WITH PREJUDICE** |

Plaintiff Steven Wayne Bonilla, a state inmate, has filed a *pro se* civil action under 42 U.S.C. § 1983 against Trinity County Superior Court Judge Elizabeth W. Johnson.  Bonilla has been disqualified from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g) unless he is "under imminent danger of serious physical injury" at the time he filed his complaint.  28 U.S.C. 1915(g); *In re Steven Bonilla, No. C 11-3180 CW (PR); Bonilla v. Dawson*, No. C 13-0951 CW (PR).

The allegations in this complaint do not show that Bonilla was in imminent danger at the time of filing.  Therefore, he may not proceed *in forma pauperis*.  Moreover, even if the IFP application were granted, his lawsuit would be barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  Accordingly, the case is dismissed with prejudice.

Furthermore, this is not a case in which the undersigned judge's impartiality might be reasonably questioned.  *See United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (absent legitimate reason to recuse himself or herself, judge has a duty to sit in judgment in all cases assigned to that judge).

The Clerk shall close the case.  The Clerk shall return, without filing, any further documents Bonilla submits after this case is closed.

**IT IS SO ORDERED.**

Dated:   June 20, 2018

VINCE CHHABRIA
United States District Judge

Steven Wayne Bonilla / Petitioner

J-48500   3-EY-13

San Question, CA 94974

FILED

JUL 25 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

United States District Court

In re: to the matter of          Case No, CV-18-3396 VC
Steven Wayne Bonilla's          Objection to the Courts Ruling
Void Judgment,                   IT IS A QUESTION OF JURISDICTION

   A party cannot be precluded from raising the QUESTION OF
JURISDICTION at any time and in any place. [67 F.R.D. 22; 148 Cal App. 2d
845; 273 Cal. App. 2d 1176]. A motion attacking jurisdiction is not
challenging the terms of the judgment nor the conditions of
confinement; Because the judgment is a NULLITY; Wherefore any
judgment or order by a court lacking subject matter jurisdiction
is void on its face; And this Reviewing Court's jurisdiction is
LIMITED to reviewing the trial courts void judgment. [35 Cal. 4th 180].
   Unless this Court, or any court, can prove that the 2-19-88
subpoena was admitted into evidence, it has a DUTY to pronounce
the trial court's judgment a NULLITY, [27 Cal. 300], forthwith,
[377 F. 2d 197], and to release the innocent Petitioner, immediately.
[356 F. 2d 654; Federal Rules of Civil Procedure 12 (h)(3) and 60 (b)].
   Verification - I declare under penalty of perjury that the foregoing
is true and correct pursuant to 28 USC §1746 on 7-14-18.
                              Respectfully Submitted
                              Steven Wayne Bonilla

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVEN WAYNE BONILLA,

          Petitioner,

    v.

ALAMEDA COUNTY SUPERIOR
COURT,

          Respondent.

Case No.  18-cv-04180-VC (PR)

**ORDER OF DISMISSAL
WITH PREJUDICE**

Petitioner Steven Wayne Bonilla is a state prisoner who has filed a *pro se* petition for a

writ of mandamus to compel the Alameda County Superior Court to prove jurisdiction about his

underlying criminal case.  Bonilla has been disqualified from proceeding *in forma pauperis*

under 28 U.S.C. § 1915(g) unless he is "under imminent danger of serious physical injury" at the

time he filed his complaint.  28 U.S.C. 1915(g); *In re Steven Bonilla*, No. C 11-3180 CW (PR);

*Bonilla v. Dawson*, No. C 13-0951 CW (PR).

The allegations in this complaint do not show that Bonilla was in imminent danger at the

time of filing.  Therefore, he may not proceed *in forma pauperis*.  Furthermore, he may not

proceed even if he pays the filing fee because this court lacks jurisdiction to issue a writ of

mandamus.  *See* 28 U.S.C. § 1361.  Section 1361 provides, "[t]he district courts shall have

original jurisdiction of any action in the nature of mandamus to compel an officer or employee of

the United States or any agency thereof to perform a duty owed to the plaintiff."  This Court

cannot issue an order to the Alameda Superior Court because it is not an officer, employee or

agency of the United States.

Furthermore, the relief Plaintiff seeks pertains to his ongoing attempts to invalidate his state criminal conviction.  Therefore, such claims, if raised, must be brought by Bonilla's counsel in his pending federal habeas corpus action, *Bonilla v. Ayers*, No. C 08-0471 YGR (PR).

Furthermore, this is not a case in which the undersigned judge's impartiality might be reasonably questioned.  *See United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (absent legitimate reason to recuse himself or herself, judge has a duty to sit in judgment in all cases assigned to that judge).

Accordingly, this action is dismissed with prejudice because amendment would be futile. The Clerk shall close the case.  The Clerk shall return, without filing, any further documents Bonilla submits after this case is closed.

**IT IS SO ORDERED.**

Dated:   July 25, 2018

_____
VINCE CHHABRIA
United States District Judge

FILED

Steven Wayne Bonilla
J-48500  3-EY-13
San Quentin, CA 94974

JUL 25 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

United States District Court
Northern District of California

In re: to the matter of      Case no, CV-18-4180 VC

Steven Wayne Bonilla's      John Doe 1 is identified as

Void Judgment      Judge Vince Chhabria

Naming John Doe 1 to be Judge Vince Chhabria
who acts in concert with the conspiracy by ruling
without jurisdiction of subject matter and of person,
no judge has any lawful authority outside of the
limits of the jurisdiction of the trial court.
[21 Howard 506], which has no lawful authority.

Verification

I declare under penalty of perjury that the
foregoing is true and correct.

Dated; 7-20-18
~~10-18-11~~80VC

Respectfully Submitted
Steven Wayne Bonilla



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA, | Case No.  18-cv-04205-VC  (PR) |
| Plaintiff, | |
| v. | **ORDER OF DISMISSAL WITH PREJUDICE** |
| JAMES F. REILLEY, et al., | |
| Defendants. | |

Plaintiff Steven Wayne Bonilla, a state inmate, has filed a *pro se* civil action under

42 U.S.C. § 1983 against Butte County Superior Court Judges and Court Clerks.  Bonilla has

been disqualified from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g) unless he is

"under imminent danger of serious physical injury" at the time he filed his complaint.  28 U.S.C.

1915(g); *In re Steven Bonilla*, No. C 11-3180 CW (PR); *Bonilla v. Dawson*, No. C 13-0951 CW

(PR).

The allegations in this complaint do not show that Bonilla was in imminent danger at the

time of filing.  Therefore, he may not proceed *in forma pauperis*.  Moreover, even if the IFP

application were granted, his lawsuit would be barred under *Heck v. Humphrey*, 512 U.S. 477,

486-87 (1994).  Accordingly, the case is dismissed with prejudice.

Furthermore, this is not a case in which the undersigned judge's impartiality might be

reasonably questioned.  *See United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (absent

legitimate reason to recuse himself or herself, judge has a duty to sit in judgment in all cases

assigned to that judge).

The Clerk shall close the case.  The Clerk shall return, without filing, any further documents Bonilla submits after this case is closed.

**IT IS SO ORDERED.**

Dated:   July 25, 2018

_____
VINCE CHHABRIA
United States District Judge

2

Steven Wayne Bonilla
J-48500  3-EY-13
San Quentin, CA 94974

FILED

JUL 25 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

United States District Court
Northern District of California

In re: to the matter of       Case No. CV-18-4205 VC
Steven Wayne Bonilla's    John Doe 1 is identified as
Void Judgment.                Judge Vince Chhabria

Naming John Doe 1 to be Judge Vince Chhabria
who acts in concert with the conspiracy by ruling
without jurisdiction of subject matter and of person.
No judge has any lawful authority outside of the
limits of the jurisdiction of the trial court.
[21 Howard 506], which has no lawful authority.

Verification

I declare under penalty of perjury that the
foregoing is true and correct.

Dated: 7-20-18

Respectfully Submitted
Steven Wayne Bonilla

# EXHIBIT B

## Declaration Of Reverend Gregory Kuehn

I, Reverend Gregory Kuehn, hereby declare as follows:

1. My name is Reverend Gregory Kuehn, I am the Pastor of the Sierra Bible Church in Reno, Nevada, and I briefly provided Bradley Keyes with spiritual counseling just prior to his surrender to the authorities in Pleasanton, California, in 1988. I also testified at Mr. Bonilla's trials in 1992 and 1994.

2. I met Mr. Keyes through his wife's family members, who were parishioners at the church. Mr. Keyes was a member of our congregation for a short period of time right before turning himself into police custody for the killing of Jerry Harris. At Mr. Keyes request, I drove with him from Reno, Nevada, to Pleasanton, California, where I accompanied him into the building where he surrendered himself.

3. During Mr. Keyes surrender and booking, I had the opportunity to meet and speak with Assistant District Attorney Jon Goodfellow. At one point I was alone with Mr. Goodfellow in a room at either the District Attorney's office or a police station. It was during this time that Mr. Goodfellow revealed to me his intention to seek the death penalty against Steven Bonilla and his co-defendant, Williams Nichols.

4. When I asked Mr. Goodfellow why he felt it was necessary to use the death penalty in the prosecution of this crime, he told me that he needed to get the critics of the district attorney's office off his back. Mr. Goodfellow went on to explain that his office was being scrutinized for its use of the death penalty against minority defendants and that they needed to put "more white people" on death row to balance the population disparities and silence the critics. According to Mr. Goodfellow, his office would not have otherwise sought the death penalty against either Mr. Bonilla or Mr. Nichols.

5. This discussion that I had with Mr. Goodfellow never came up during my previous conversations with anyone because no one asked me about it and I didn't think it was important. Herbert Duzant, an investigator with the Federal Public Defender office, was the first person to ask me whether Mr. Goodfellow ever mentioned the reasoning behind the District Attorney Office's decision to seek death against Mr. Bonilla. Had I been asked earlier, I would have provided Mr. Bonilla's previous representatives with the same details and I would have testified to it on the stand at both trials.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and that this declaration was executed in Washoe County, Nevada, on June 30, 2014.

Reverend Gregory Kuehn

U.S. POSTAGE >> PITNEY BOWES

ZIP 94964 $ 002.05⁰
02 1W
0001397520 JUL. 30 2018

S. Oy, CA 94974

U. S. District Court
450 Golden State Avenue
San Francisco, CA 94102



RECEIVED

AUG 01 2018

SUSAN Y. SOONG
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA



OFFICE OF THE CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CALIFORNIA 94102

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE